United States District Court
Southern District of Texas
ENTERED
August 25, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **NILSON FERREIRA NUNES,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01362** |
| | § | |
| **WARDEN D.C. COLE, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

# ORDER

Pending before the Court is Petitioner Nilson Ferreira Nunes's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). Petitioner is a noncitizen who has resided in the United States nearly 21 years after he entered the United States in July of 2005. (Dkt. 1 at 7.) On or about May 12, 2025, Petitioner was reapprehended by immigration authorities and taken into custody. (*Id.* at 4) Thereafter, Petitioner was ordered removed by an Immigration Judge (IJ) and filed a timely appeal of the removal order which remains pending. (*Id.* at 4–5.)

On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) ("*Buenrostro-Mendez*"). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8

U.S.C. § 1226(a). *Id.* at 498. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508. Subsequently, on July 2, 2026, the Fifth Circuit issued a decision in *Sosnava Rodriguez v. Ortega*, 2026 WL 1906557 (5th Cir. July 2, 2026) ("*Sosnava Rodriguez*"), holding that noncitizens detained under 8 U.S.C. § 1225(b)(2)(A) may not be detained for longer than ninety days without a bond hearing based on constitutional concerns. On July 10, 2026, the Fifth Circuit issued an *en banc* rehearing order on its own motion. *Sosnava Rodriguez v. Ortega*, 2026 WL 2014647 (5th Cir. July 10, 2026). The Fifth Circuit also vacated the July 2, 2026 ruling in *Sosnava Rodriguez*. *Id*. At this time, therefore, *Sosnava Rodriguez* is pending a ruling by the Fifth Circuit sitting *en banc*.

On March 24, 2026, Petitioner filed his first habeas petition challenging his detention on due process grounds. (*See* Dkt. 9 at 1); *see also Ferreira Nunes v. ICE*, 5:26-cv-00479, Dkt. No. 1 (S.D. Tex. July 8, 2026). On July 8, 2026, District Court Judge Marina Garcia Marmolejo ordered Respondents to comply with *Sosnava Rodriquez* before the decision was later vacated by the Fifth Circuit. Specifically, Respondents were ordered to provide Petitioner a bond hearing within five days if he had been detained under 8 U.S.C. § 1225(b)(2)(A) for ninety or more days. (Dkt. 9 at 1); *see also Ferreira Nunes*, 5:26-cv-00479, Dkt. No. 13 at 1. The same day, final judgment was entered pursuant to Federal Rule of Civil Procedure 58(a). *See Ferreira Nunes*, 5:26-cv-00479, Dkt. No. 14. Thereafter, a bond hearing with an Immigration Judge (IJ) was scheduled and on July

10, 2026, the IJ denied Petitioner bond after finding him to be a danger to the community. (Dkt. 9 at 2, Attach. 4 at 1.)[1]

Petitioner filed the instant Petition for Writ of Habeas Corpus on August 3, 2026. (Dkt. 1.) Petitioner challenges his detention as unlawful under the Fifth Amendment and asks the Court to order his immediate release. (*Id.* at 6–7.) The Court ordered Respondents to respond to Petitioner's petition on or before August 10, 2026. (Dkt. 6.) Respondents filed a timely response and Motion to Dismiss, arguing that the Court should dismiss the pending petition as duplicative under the first-to-file rule because of Petitioner's first petition. (Dkt. 9 at 2–3.) Petitioner filed two replies arguing that the instant petition should not be dismissed because it presents new legal claims regarding his ongoing detention after the IJ's erroneous finding that Petitioner is a danger due to his prior driving while intoxicated conviction. (Dkts. 11, 12.)

The Court finds that Petitioner's first petition precludes the Court's consideration of his due process challenge to his detention in the current petition. In the current petition, Petitioner raises another challenge to his ongoing detention under the Fifth Amendment. (*See* Dkt. 1 at 6–7.) The prior decision adjudicated and provided relief in the form of a bond hearing for Petitioner's claim that his detention under 8 U.S.C. § 1225(b)(2) without an opportunity to seek an individualized bond hearing violates his rights under the Fifth Amendment's Due Process Clause. (*See* Dkt. 9 at 2, Attach. 4); *see also Ferreira Nunes*, 5:26-cv-00479, Dkt. No. 1, 13. Petitioner argues that there has been a change in circumstances because his detention remains ongoing after the IJ found that Petitioner is a danger to the community. (Dkt. 11 at 1.) He asks the Court to "consider whether the current and prolonged deprivation of his liberty is adequately supported by

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

the individualized facts and evidence relied upon by the government." (*Id.* at 2.) However, the Court may not review the IJ's underlying discretionary decision to deny bond for Petitioner because "district courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond." *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025) (citing *Nielsen v. Preap*, 586 U.S. 392, 401 (2019)). While the Court retains jurisdiction to review constitutional challenges to the statutory framework for detention or to the extent of DHS's detention authority, Petitioner's constitutional challenge to his ongoing detention was already remedied by the prior decision on his first habeas petition. *See Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) ("Section 1226(e) may strip us of jurisdiction to review judgments designated as discretionary under the pertinent language of the statute, but it does not deprive us of all authority to review statutory and constitutional challenges. We retain jurisdiction to review [Petitioner's] detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition."); *see also Ferreira Nunes*, 5:26-cv-00479, Dkt. No. 13.

For these reasons, the Court must dismiss the Petitioner's current petition because it cannot grant the relief Petitioner requests at this time.[2] Petitioner may file a new habeas petition if he presents a meritorious claim that has not previously been adjudicated by any court.

## CONCLUSION

Accordingly, Respondents' Motion to Dismiss Habeas Petition as Duplicative, (Dkt. 9), is **GRANTED IN PART**. Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **DISMISSED**

[2] Respondents argue that the petition should be dismissed as duplicative of Petitioner's first habeas petition based on the "first-to-file" rule. (Dkt. 9 at 2.) The Court notes that the "first-to-file" rule is not applicable here because final judgment has been entered in Petitioner's first habeas case and therefore, it is no longer pending. *See Ferreira Nunes*, 5:26-cv-00479, Dkt. No. 14; *see also Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) ("This concern applies where related cases are pending before two judges in the same district[.]"); *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999).

without prejudice. The Clerk of Court is **DIRECTED** to **CLOSE** this civil action and **TERMINATE** any pending motions or deadlines that may be associated with this case.

Finally, the Clerk of Court is also **DIRECTED** to mail Petitioner a copy of this Order by any receipted means to the following address:

**Nilson Ferreira Nunes**
**A # 241-107-670**
**Rio Grande Processing Center**
**1001 San Rio Blvd**
**Laredo, TX 78046**

IT IS SO ORDERED.

SIGNED this August 25, 2026.

Diana Saldaña
United States District Judge